**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TRACY CANNON, *as Administratrix of the Estate
of Mark Cannon, Jr.*,

                              Plaintiff,

            - v -                                                    Civ. No. 9:15-CV-1417
                                                                          (GLS/DJS)

CORRECTIONAL MEDICAL CARE, INC.;
EMRE UMAR, *President of Correctional Medical Care,
Inc.*; MARIA CARPIO, *Chief Executive Officer of
Correctional Medical Care, Inc.*; SILVER MASABA,
*Physician*; K. COOGAN, *R.N.* JOHN DOE NUMBER 1-2,
*Employees of Correctional Medical Care, Inc., whose identity
cannot presently be determined*; JOHN DOE NUMBER 3,
*Corrections Officer whose identity cannot presently be determined*;
COUNTY OF ALBANY; CRAIG APPLE, SR., *Sheriff of Albany
County*; and CHRISTIAN CLARK, *Jail Administrator of the Albany
County Jail*,

                              Defendants.

**APPEARANCES:**                                           **OF COUNSEL:**

LAW OFFICES OF ELMER ROBERT KEACH, III, P.C.   ELMER R. KEACH, III, ESQ.
*Attorney for Plaintiff*
On Pine West Plaza - Suite 109
Albany, N.Y. 12205


O'CONNOR, O'CONNOR LAW FIRM                      PETER B. JOSLIN, JR., ESQ.
*Attorney for Correctional Medical Care Defendants*
20 Corporate Woods Boulevard
Albany, N.Y. 12211


ALBANY COUNTY ATTORNEY'S OFFICE                 TRACY A. MURPHY, ESQ.
*Attorney for the County of Albany Defendants*
112 State Street, Suite 1010
Albany, N.Y. 12207


**DANIEL J. STEWART**
**United States Magistrate Judge**

### ORDER

This action was commenced on November 25, 2015, with the filing of a Complaint, pursuant

to 42 U.S.C. § 1983. Dkt. No. 1, Compl. Plaintiff Tracy Cannon is the Administratrix of the Estate of Mark Cannon, Jr., who died on August 30, 2014, while he was incarcerated in the Albany County Jail. *Id.* at ¶¶ 3-5. According to the Complaint, temporary limited letters of administration were issued to Tracy Cannon on or about November 24, 2015. *Id.*, Ex. A.

As part of the discovery process Plaintiff's counsel subpoenaed the Commission of Corrections for production of unredacted reports of their investigation into the death of Mark Cannon, Jr., and all materials in the Commission's possession regarding the death of Mark Cannon, Jr. In response to the subpoena, counsel for the Commission of Correction, Deborah Slack-Bean, Esq., submitted directly to the Court a certified copy of the New York State Commission of Correction Medical Review Board Summary Report, together with supporting documentation, for an *in camera* review. The documents submitted are eighty-nine pages in length.

As part of its cover letter to the Court, counsel for the Commission of Corrections notes that the Commission's ability to obtain the information upon which the report was based was predicated upon the authority contained in New York's Mental Hygiene Law § 33.13(c)(5). Counsel further explains that pursuant to that law, the Commission must keep such records confidential except where there is "an order of a court of record requiring disclosure upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality." N.Y. MENTAL HYG. LAW § 33.13(c)(1). If the Court were to make such a finding, the Commission would have no further objection to the disclosure of the report.

Having reviewed the multi-paged document, it is the Court's view that the interests of justice in disclosing these critical documents to the parties in this action substantially outweighs any need for confidentiality of the records. The documents provide detailed information into the

circumstances surrounding the death of Mr. Cannon at the Albany County Facility, as well as medical staff's conduct, and will substantially assist both parties in discovery and in the potential resolution of this matter, thereby promoting judicial economy. With regard to confidentiality, it is noted that Tracy Cannon, the authorized representative of the decedent Mark Cannon, Jr., is the individual making the request for this documentation, and therefore it may well be that the issue of confidentiality has been waived. Moreover, the parties can always, if they have not already, enter into a confidentiality agreement regarding confidential documents exchanged in the case during the discovery process, thus substantially lessening any such concerns.

**WHEREFORE** ,for the reasons stated herein, it is hereby

**ORDERED**, that the documents provided to the Court by the New York State Commission of Corrections for an *in camera* review shall be disclosed to the parties in this action. Toward that end, Plaintiff's counsel shall pick up the certified copy that was provided to the Court and distribute copies to opposing counsel; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties to this action, with a copy to be mailed to the New York State Commission of Corrections at AES State Ofc. Building, 80 S. Swan St., 12th Floor, Albany, New York 12210.

Date: May 19, 2016
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge