**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TRACY CANNON, *Administratrix of the Estate of Mark Cannon, Jr.*,

                                         Plaintiff,

- v -                                                Civ. No. 9:15-CV-1417 (GLS/DJS)

CORRECTIONAL MEDICAL CARE, INC., *et al.*,

                                         Defendants.

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

On May 23, 2017, this Court issued an Order to Show Cause, pursuant to the mandates of *Dunton v. County of Suffolk, State of New York,* 729 F.2d 903, 908-09 (2d Cir. 1984), to determine whether each of the Correctional Medical Care ("CMC") Defendants should be required to obtain separate counsel and to ensure that each of those Defendants fully understands his/her rights to the effective assistance of counsel, free of any inherent conflict, particularly those that may be caused by joint representation. Dkt. No. 104.

It is incumbent upon the Court to be assured that each Defendant has made an informed decision to consider other representation or to waive the potential for conflict and proceed with the same attorney as others. The Order to Show Cause specifically directed the Stewart Bernstiel Rebar & Smith Law Firm to forward to each of the Defendants it represents a letter outlining the circumstances under which a potential conflict may arise from joint representations and to advise of the possible strategies counsel intends on pursuing which may generate an inherent conflict of interest. Furthermore, the Order to Show Cause directed Attorney Cathleen Kelly Rebar to provide

the Court with an affidavit from each Defendant advising that such Defendant had in fact received a letter from the attorney giving written notice of any potential for conflict arising out of joint representation in this particular matter, had an opportunity to discuss the issue thoroughly with the attorney, and based upon all of the information presented, has made a knowingly, voluntarily, intelligently, and informed decision to remain with counsel notwithstanding the potential for conflict.

Thereafter, on June 9, 2017, the Law Firm of Stewart Bernstiel Rebar & Smith filed a Status Report in response to the Court's Order to Show Cause. Dkt. No. 122. Therein, Counsel indicated that the firm has discussed the Court's Order with each client and has requested "certain defendants" permit them to withdraw; at that time, the signed affidavits had not yet been submitted to the Court. *Id.* Following further discussions with the Court, *ex parte*, it was made clear that Attorney Rebar would be seeking to withdraw from representing Defendants Curtis Goyer and Katherine Coogan. Dkt. No. 124. On June 21, 2017, Thomas A. Cullen, Esq., appeared on behalf of Defendant Goyer, Dkt. No. 126, and on the following date, Molly C. Casey, Esq., appeared on behalf of Katherine Coogan, Dkt. No. 128.

Declarations of Defendants Emre Umar, Maria Carpio, and Silver Masaba were delivered to Chambers consenting to the joint representation by the Stewart Bernstiel Rebar & Smith Law Firm. The Court has reviewed such Declarations and is satisfied that each party that consents to the joint representation does so knowingly and voluntarily, and if a conflict exists as to the joint representation of these Defendants, it is of a nature which can be waived by a party.

Declarations from Defendants Goyer and Coogan were also delivered to Chambers, consenting to a change of counsel and further consenting to the continued representation of the other

CMC Defendants by the Stewart Bernstiel Rebar & Smith Law Firm. On June 26, 2017, the Court further questioned Defendants Goyer and Coogan, as well as their newly retained counsel, regarding the waiver of any attorney-client conflict, and based upon the answers to those questions, as well as the previously submitted Declarations, the Court determines that the waivers regarding the Stewart Bernstiel Rebar & Smith continued representation of the other CMC Defendants are knowing and voluntarily.

Therefore, it is hereby

**ORDERED**, that this Court will allow the Defendants who have consented to proceed with joint representation by the Stewart Bernstiel Rebar & Smith Law Firm. Such consent to joint representation at this stage of the litigation does not waive their right to retain separate counsel in the future; and it is further

**ORDERED**, that the Clerk of the Court shall note the substitution of counsel for Defendants Coogan and Goyer (Dkt. Nos. 126 & 128) and terminate the Stewart Bernstiel Rebar & Smith Law Firm appearances on behalf of those Defendants; and it is further

**ORDERED**, that the Declarations submitted to the Court for an *in camera* review shall be docketed under seal.

**SO ORDERED**.

Date: June 27, 2017
 Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge