**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TRACY CANNON, *Administratrix of the Estate of*
*Mark Cannon, Jr.*,

Plaintiff,

- v -

Civ. No. 9:15-CV-1417
(GLS/DJS)

CORRECTIONAL MEDICAL CARE, INC., *et al.*,

Defendants.

**DANIEL J. STEWART**
**United States Magistrate Judge**

<u>ORDER</u>

On August 15, 2017, and continuing on August 16, 2017, the Court held in-person Conferences, on the record, with Counsel for all parties in order to address a host of issues. During those Conferences, the Court issued several rulings which are incorporated herein and summarized below.

<u>Further Amendment of the Amended Complaint</u>

Plaintiff seeks leave to amend the Amended Complaint (Dkt. No. 52) in order to assert that all claims brought under the Eighth Amendment are, based upon intervening controlling law, being asserted pursuant to the Fourteenth Amendment, and to further bolster allegations made with regard to claims against the individual Defendants as well as other claims, such as her *Monell* claims. On or before **August 22, 2017**, Plaintiff's Counsel shall provide a red-lined version of a proposed second amended complaint to Defendants' Counsel for review. On or before **August 25, 2017**, Defendants' Counsel shall inform Plaintiff what portions, if any, of the proposed amendments can be instituted on consent. In the event the parties cannot agree on all aspects of the proposed

amendments, the briefing schedule for the Plaintiff's Motion to Amend is as follows: Motion filing by **August 29, 2017**; Response due **September 12, 2017**; No Reply is authorized.[1]

Contested Privilege Log

Plaintiff seeks to move to compel certain responses received from CMC Defendants for which a privilege has been claimed, or for which other objections have been raised. The Court has already directed that a privilege log be shared with Plaintiff's Counsel. Counsel are directed to meet and confer in good faith in order to work out or limit their discovery issues. In the event the parties cannot resolve the matters on their own, Plaintiff may file a Motion to Compel according to the following briefing schedule: Motion filing by **September 5, 2017**; Response due **September 26, 2017**; No Reply is authorized.

Continued Deposition of Renee Leonard

Plaintiff may continue this deposition for an additional half-hour. If other parties desire, they can also question the witness. The parties are to meet and confer and determine an appropriate date and location for this continued deposition. The temporary gag order imposed, upon consent of the parties, on this deposition shall continue until such time as the witness has had an opportunity to review the transcript and render any corrections. If a further, more permanent, protective order is desired, the parties must make a further application to the Court. Any discussion held during the deposition concerning documents exchanged under the auspice of a protective order shall continue

---

[1] Where the Court sets particular motion deadlines that do not coincide with the time-frame in the District's Local Rules, the parties shall include the Court's dates, with reference to this Order, in the Notice of Motion. Upon the filing of such motions, the Clerk of the Court will adjust the deadlines automatically imposed by the Court's Case Management/Electronic Case Files System in order to coincide with this Order.

to be maintained confidential.  Dkt. No. 153.[2]

New Action against Gloria Cooper

It is Plaintiff's intention to file a separate civil rights action against Gloria Cooper.[3]  Plaintiff seeks to attach to that complaint certain portions of the Leonard Deposition.  Without making any ruling as to the appropriateness of attaching deposition testimony to a complaint, in light of the Court's temporary gag order on the Leonard Deposition, I direct that, if counsel feels compelled to attach part of the Leonard Deposition to a new complaint, Counsel is advised to contemporaneously file in the new action an application to seal or redact those portions of the pleading (whether in the body of the pleading or in attachments thereto) which include copy, quote, or attach the subject deposition.

CMC Defendant's Request to make a Rule 30 Motion

On August 11, 2017, Counsel for CMC Defendants filed a Letter-Motion seeking a conference to discuss their desire to make an application under Federal Rule of Civil Procedure 30(d)(3)(A) "seeking to terminate the deposition of Gloria Cooper and for a protective order limiting the use of this deposition in this action or any other action whether now pending or which may be filed."  Dkt. No. 156.

_____

[2] In a prior Order, dated July 28, 2017, the Court ruled that the subject six pages of notes of Renee Leonard "shall be provided to all counsel under the same Protective Order which applies to the disclosure of the personnel records of the two Defendant Nurses."  Dkt. No. 153 (citing Dkt. No. 88).  As with all documents exchanged in this action pursuant to a protective order, in the event the parties seek to use such documents in seeking some relief from the Court, *i.e.*, summary judgment, the Court will have to make a separate inquiry as to whether such documents should be filed under seal or be subjected to the public's First Amendment and common law right of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

[3] During the Conferences, the Court inquired as to whether the Defendants would consider consenting to the addition of Gloria Cooper to this lawsuit in light of the strong likelihood that any new action against her would be deemed related, and possibly consolidated, with this one.  For varying reasons, the Defendants declined to consent to that particular amendment.

In light of the fact that Plaintiff intends to file a new action, Defendants' request to terminate the Cooper Deposition is moot. Defendants may, however, file further briefing on the issue of a protective order under the following schedule: CMC Defendants' Letter-Brief due by **August 29, 2017**; Plaintiff's Response due by **September 12, 2017**; No Reply is authorized. In light of the nature of this forthcoming motion, the Court grants a temporary protective order over this deposition and papers filed in conjunction with this motion shall be filed under seal. To the extent Plaintiff intends to reference this deposition in some manner in the new action against Gloria Cooper, Counsel should be guided according to the parameters surrounding the use of the Leonard Deposition.

Motion to Disqualify

Plaintiff has expressed concern regarding the continued representation of the CMC Defendants by the Stewart Bernstiel Rebar & Smith Law Firm, notwithstanding the Court's Order sanctioning their continued representation, Dkt. No. 135, following a sealed Hearing. After further discussing the matter, Plaintiff agreed to submit to the Court a letter outlining the concerns regarding the propriety of the waivers made before the Court. Instead of submitting a full motion to the Court, Plaintiff's Counsel is permitted to file such letter on or before **September 5, 2017**; Response letters thereto shall be filed on or before **September 19, 2017**;[4] no replies are authorized. The Court will not halt the pursuit of discovery in the interim.

Extension of Pre-Trial Deadlines

In light of the discussion held at the August 15 and 16 Conferences, the Scheduling Order is amended as follows:

---

[4] In light of Plaintiff's desire to first submit concerns to the Court, the Court is retreating from the motion filing schedule established at the August 15 Conference.

1) Status Report is due on or before **August 25, 2017**, wherein the parties shall provide the Court with the dates of any outstanding deposition;

2) Discovery deadline is extended to **October 6, 2017**;

3) Plaintiff's Expert disclosure deadline is extended to **October 6, 2017**;

4) Defendants' Expert disclosure deadline is extended to **November 20, 2017**;

5) Rebuttal Expert disclosure and Expert depositions must be completed by **December 20, 2017**; and

6) Motion filing deadline is set for **January 20, 2018**.

All other provisions of the Court's Uniform Pretrial Scheduling Order shall remain in effect.

**IT IS SO ORDERED**.

Date:   August 17, 2017
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge